UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE SCHWEBE and ARMIN SCHWEBE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 12 C 9873 |
| AGC FLAT GLASS NORTH AMERICA, INC., CUSTOM ALUMINUM PRODUCTS, INC. d/b/a CASCO INDUSTRIES, CASCO INDUSTRIES, INC., and DOES 1-20, | ) ) ) ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge.

This matter comes before the Court on the motion of Defendants AGC Flat Glass North America, Inc. ("AGC") and Custom Aluminum Products, Inc. ("Casco") (collectively "Defendants") to dismiss the putative class action brought by Plaintiffs Katherine and Armin Schwebe (the "Schwebes") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, AGC's motion is granted in its entirety. Casco's motion is granted in part and denied in part.

## BACKGROUND

The following facts are alleged in the complaint which the Court is obligated to accept as true for purposes of the motion. Casco, an Illinois corporation d/b/a Casco Industries and Casco Industries, Inc., manufactures windows, doors, and other

1

building product accessories. AGC, a Delaware corporation, manufactures and supplies a variety of glass products to the construction industry. From 2004 through 2008, AGC supplied all glass products used by Casco.

On or about October 19, 2005, the Schwebes purchased Casco windows containing AGC glass for their residence in Naperville, Illinois. The windows had a latent defect—window seal failures. A window seal failure occurs when the sealant containing the gas between the two panes of glass is defective and allows the gas to leak out and moisture to seep into the space between the two panes of glass. A glass seal failure is evidenced by the presence of moisture condensation on the inside of the glass, causing the window to become obscured or foggy.

A few months after the windows were installed, the Schwebes noticed a stress crack in the glass of one of the windows. Casco attributed this problem to faulty installation but replaced the windows on November 21, 2005. Late in the summer of 2012, the Schwebes began to notice condensation between their Casco window panes and reported this to a Casco customer service representative on November 9, 2012. On November 12, 2012, a Casco service technician inspected the faulty windows, attributing the damage to faulty installation. Based on the technician's inspection, Casco sent a letter to the Schwebes and denied a full reimbursement for a window replacement. Casco relied on a limited warranty, which was different from that which had accompanied the original purchase in 2005. In addition to the condensation in the

Schwebes' windows, there was standing water between the panes of some of them, a rust-colored substance on some of the windowsills, and carpet staining.

On December 12, 2012, the Schwebes filed the current putative class action on behalf of themselves as well as all other similarly situated plaintiffs against AGC, Casco, and twenty Doe Defendants who, like Casco, are manufacturers who received glass from AGC for use in windows. The complaint alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/1 et seq., and the separate consumer fraud statutes of forty-one other states (Count I). The Schwebes also seek injunctive relief pursuant to the Uniform Deceptive Trade Practices Act ("UDTPA"), 815 Ill. Comp. Stat. Ann. 510/1 et seq. (Count II). Count III alleges common law fraud by omission, and Count IV seeks monetary relief based on an implied warranty of merchantability. Count V seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Casco's limited warranties regarding the one-year full warranty and ten-year half-cost warranty time limitations on manufacturing defects in material or workmanship are void, invalid and unenforceable.

The Schwebes seek individual damages and attorneys' fees for themselves and other class members, plus costs and interests. The Schwebes also seek imposition of a constructive trust for amounts wrongfully collected from them and other class members by Defendants during the pendency of this litigation, as well as an order by this Court compelling Defendants to establish a program to inspect and replace

Defendants' defective windows with non-defective ones and to reimburse customers for warranty claims previously denied or paid in part, plus external costs that customers have borne in repairing and/or replacing defective windows.

On February 8, 2013, AGC moved to dismiss the complaint pursuant to Rule 12(b)(6), and Casco followed suit on February 13, 2013.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations and merely must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Allegations of fraud, however, subject a complaint to the heightened pleading standards set forth under Rule 9(b). For "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In other words, the complaint must allege "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). Not every aspect of the fraud claim must be

pleaded with particularity, however, for "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## DISCUSSION

I. Motion to Dismiss by AGC

    A. ICFA Claim

AGC contends that the Schwebes have not pleaded with particularity the necessary facts to sustain a claim under the ICFA. The heightened pleading requirements of Rule 9(b) apply to ICFA claims. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). To state a claim under the ICFA, a plaintiff must allege that: (i) the defendant engaged in a deceptive or unfair practice; (ii) the defendant intended for the plaintiff to rely on the deception; (iii) the deception occurred in the course of conduct involving trade or commerce; (iv) the plaintiff sustained actual damages; and (v) such damages were proximately caused by the defendant's deception. *Martis v. Pekin Mem'l Hosp., Inc.*, 917 N.E.2d 598, 603 (Ill. App. Ct. 2009). A plaintiff cannot maintain an action under the ICFA for a deceptive practice sans a communication from the defendant containing either a deceptive misrepresentation or omission. *De Bouse v. Bayer AG*, 922 N.E.2d 309, 318 (Ill. 2009). In the instant case, the Schwebes have not pleaded any facts that would support a reasonable inference that AGC communicated with them at any time. The Schwebes do not allege any unfair conduct by AGC, and under Illinois law, concealment cases like that of the Schwebes are evaluated under the

deception prong of the ICFA. *See Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 62 (Ill. App. Ct. 2006). This deficiency is fatal to the Schwebes' ICFA claim against AGC.

### B. UDTPA Claim

The UDTPA is merely a codification of the Illinois common law of unfair competition. *See generally Nat'l Football League Props., Inc. v. Consumer Enters., Inc.*, 327 N.E.2d 242, 247 (Ill. App. Ct.), cert. denied, 423 U.S. 1018 (1975) (providing the historical underpinnings of the UDTPA). Under the UDTPA, any person likely to be damaged by the deceptive trade practice of another may be granted relief. 815 Ill. Comp. Stat. Ann. 510/3. A defendant is prohibited from representing "that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have." 815 Ill. Comp. Stat. Ann. 510/2(5). This Court concurs with the holdings of other courts in this district applying the heightened pleading standard of Rule 9(b) to the Schwebes' UDTPA claims. *See Cardionet, Inc. v. Lifewatch Corp.*, No. 07 C 6625, 2008 U.S. Dist. LEXIS 15941, at *6-7 (N.D. Ill. Feb. 27, 2008); *Gold v. Golden G.T., LLC*, No. 05 C 288, 2005 U.S. Dist. LEXIS 22691, at *19 (N.D. Ill. Oct. 4, 2005); *Nakajima All Co., LTD. v. SL Ventures Corp.*, No. 00 C 6594, 2001 U.S. Dist. LEXIS 7535, at *13-14 and n. 3 (N.D. Ill. May 31, 2001).

As with the ICFA claim, the Schwebes' UDTPA claim is deficient with respect to AGC because the Schwebes never received any type of deceptive communication

from AGC. *See Petrich v. MCY Music World, Inc.*, 862 N.E.2d 1171, 1182 (Ill. App. Ct. 2007).

### C. Common Law Fraud Claim

The Schwebes contend that AGC is guilty of common law fraud by omission because it never informed them of the latent defect in the windows. To state a claim for common law fraud, a plaintiff must allege: (i) a false statement or omission of material fact; (ii) the defendant's knowledge of the falsity of the statement or omission; (iii) the defendant's intent that the statement or omission induce action by the plaintiff; (iv) the plaintiff's reliance upon the truth of the statement or omission; and (v) the plaintiff's damages resulting from the reliance. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). To state a claim for fraud by omission, a plaintiff also must show that the defendant was under a duty to disclose a material fact. *Id.* at 593. In the instant case, the Schwebes do not point to a representation communicated to them by AGC at any time.

Furthermore, the Schwebes offer no facts from which one could reasonably infer that AGC knew of the latent defect in the windows when the Schwebes purchased them in October 2005. The sole factual support provided by the Schwebes appears to be an April 30, 2009 e-mail by a vice president of AGC acknowledging defects in the glass provided to Casco for patio doors. The Schwebes also have attached to their complaint the complaint in a lawsuit brought by Casco against AGC in 2010. However, allegations brought by the filing of other lawsuits do not provide a

plausible basis for sustaining a fraud claim. *Pirelli*, 631 F.3d at 443. The Court thus declines to consider the prior Casco suit, which was filed and then settled confidentially.

### D. Implied Warranty of Merchantability Claim

The Schwebes aver that AGC violated an implied warranty of merchantability. Unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. 810 Ill. Comp. Stat. Ann. 5/2-314. In Illinois, privity of contract is a prerequisite "to a suit for breach of implied warranty alleging economic loss." *Szajna v. General Motors Corp.*, 503 N.E.2d 760, 762 (Ill. 1986). The rationale for this rule is that "recovery for economic loss must be had within the framework of contract law." *Id.* at 762. The Schwebes concede this general principle but contend that this case falls within an exception to the privity requirement—where there is a direct relationship between the seller of goods and a component manufacturer. To support this position, the Schwebes cite to *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.*, 408 N.E.2d 403, 412 (Ill. App. Ct. 1980). This Court reads this privity exception narrowly to apply to cases where the component manufacturer knows the identity of the manufacturer's customer. *See id.* at 412. To read the exception as broadly as the Schwebes desire would insert a chasm into the privity requirement because any plaintiff could bring a claim for breach of an implied warranty of

8

merchantability against any component manufacturer who sells components to a manufacturer for exclusive use.

Other courts have likewise read this exception narrowly. *See, e.g.*, *Outboard Marine Corp. v. Babcock Indus.*, No. 91 C 7247, 1995 U.S. Dist. LEXIS 6429, at *15 (N.D. Ill. May 12, 1995); *ABCO Metals Corp. v. J.W. Imports Co., Inc.*, 560 F. Supp. 125, 128 (N.D. Ill. 1982) (component manufacturer attended meetings with plaintiff buyers and made promises to them concerning the repair of the product); *Crest Container Corp. v. R.H. Bishop Co.*, 445 N.E.2d 19, 25 (Ill. App. Ct. 1982) (component manufacturer had received specifications and custom-made a product for the plaintiff). The facts of the instant case do not fit into the exception that the Schwebes have articulated. Hence, the Schwebes implied warranty of merchantability claim is dismissed.

E. Declaratory Relief Pursuant to 28 U.S.C. § 2201

Though the Schwebes' complaint was not entirely clear on this point, the Schwebes have clarified in their response to the instant motion that Count V does not pertain to AGC. Hence, AGC is dismissed from this count and the case in its entirety.

II. Motion to Dismiss by Casco

A. ICFA Claim

Casco contends that no facts have been pleaded indicating that Casco knew of the latent defect when the Schwebes purchased the windows in October 2005. This Court concurs. The Schwebes only cite Casco's representations that the windows

would be of high quality, the 2010 lawsuit, and the April 30, 2009 e-mail from AGC to Casco. This evidence is insufficient to satisfy the particularity requirement of Rule 9(b). This Court views Casco's statements regarding the quality as simply puffery. Puffing "denotes the exaggerations reasonably to be expected of a seller as to the degree of quality of his or her product, the truth or falsity of which cannot be precisely determined." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 846 (Ill. 2005). Mere puffery does not suffice to sustain a claim under the ICFA. *Id.* at 846. The Schwebes cannot sustain a claim under the ICFA for fraud by omission because they cannot plead with particularity facts indicating Casco's knowledge prior to the 2005 sale. *See White v. DaimlerChrysler Corp.*, 856 N.E.2d 542, 549 (Ill. App. Ct. 2009).

The Schwebes cite several cases in which ICFA claims have survived, but the Court is not persuaded by these authorities. For example, in *IWOI, LLC v. Monaco Coach Corp.*, 581 F. Supp. 2d 594, 1003-04 (N.D. Ill. 2008), the plaintiff alleged that the defendant had been informed of a defective steer frame in a recreational vehicle but made alterations to conceal it from the plaintiff. In *Saltzman v. Pella Corp.*, No. 06 C 4481, 2007 U.S. Dist. LEXIS 19650, at *1-2 (N.D. Ill. Mar. 20, 2007), the plaintiff alleged that the defendant manufacturer had received customer reports of defective windows.[1] In the instant case, the Schwebes make no such allegations,

---

[1] While the district court in *Saltzman* did not specifically state that there had been customer reports, the complaint alleged so in Paragraph 12, and a district court must accept all well-pleaded allegations as true. *Scanlan*, 639 F.3d at 841.

instead merely referencing the 2009 e-mail and the 2010 complaint which this Court has declined to take into account. The Schwebes also cite cases dealing with affirmative misrepresentations to argue that knowledge of falsity is irrelevant. However, in a case of fraud by omission, one would have to have knowledge of the fact at issue in order to be able to conceal it. *See Rockford Mem'l Hosp.*, 858 N.E.2d at 62-63.

### B. UDTPA Claim

This claim fails for the same reason as the ICFA claim—no evidence of Casco's knowledge of the defect has been adequately pleaded. One cannot engage in a deceptive practice when one lacks knowledge regarding the issue in question. *See Evitts v. DaimlerChrysler Motors Corp.*, 834 N.E.2d 942, 949 (Ill. App. Ct. 2005). The 2009 e-mail does not provide the basis for one reasonably to infer of Casco's knowledge of the defect three and a half years earlier.

### C. Common Law Fraud Claim

As with the ICFA and UDTPA counts, the Schwebes have not pleaded any facts from which one reasonably could infer that Casco has perpetrated common law fraud by omission. One of the elements of common law fraud is that a defendant must have knowledge of the statement's falsity. *Connick*, 675 N.E.2d at 591. The Court cannot discern that knowledge from the facts pleaded. Hence, the common law fraud claim fails.

D. Implied Warranty of Merchantability Claim

Casco contends that this count should be dismissed because: (i) the warranty contains a clause prohibiting consequential damages; and (ii) the limited remedy provision of the warranty has not failed because the Schwebes have not taken advantage of the provision. This count is not subject to the heightened pleading requirements of Rule 9(b) because no fraudulent conduct is alleged.

The Schwebe's complaint sufficiently includes the necessary elements to sustain a claim for a breach of the implied warranty of merchantability. The windows are defective, and Casco is a merchant who sells the product at issue. The Court declines to delve into whether the warranty's provision barring the recovery of consequential damages is enforceable and thus vitiates the implied warranty of merchantability.

The Court also rejects Casco's claim regarding the limited remedy provision in the warranty. Casco argues that it sent a proposed solution to the Schwebes on November 13, 2012 after the Schwebes' complaint to Casco four days earlier. In lieu of responding to Casco, the Schwebes filed this action on December 12, 2012. Thus, Casco contends, it was not provided a reasonable opportunity to repair the defect. The issue of reasonableness is one pertaining more to the merits of the case. A motion under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

E. Declaratory Relief Pursuant to 28 U.S.C. § 2201

This count is, like Count IV, subject to the pleading requirements of Rule 12(b)(6). The Schwebes seek a declaratory judgment from this Court that Casco's warranties regarding the one-year full warranty and ten-year half-cost warranty time limitations on manufacturing defects in material or workmanship are void, invalid and unenforceable. The Court declines to rule on the issue of enforceability at this stage in the litigation. Casco is on notice as to what the Schwebes seek in terms of declaratory relief, and though Casco goes to great lengths to support its position that the warranties are enforceable, these arguments go to the merits of the case, not the sufficiency of the complaint. *See Gibson*, 910 F.2d at 1520.

## CONCLUSION

For the foregoing reasons, AGC's motion to dismiss is granted in its entirety. Casco's motion to dismiss is granted with respect to Counts I, II and III. Casco's motion to dismiss Counts IV and V is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 16, 2013